516 S.E.2d 233

James L. **TERRY**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1480–97–2.**

Court of Appeals of Virginia,
Richmond.

July 6, 1999.

Buddy A. Ward, Public Defender (Office of the Public Defender, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., BENTON, COLEMAN, WILLIS, ELDER, BRAY, ANNUNZIATA, BUMGARDNER and LEMONS, JJ., and OVERTON,* Senior Judge.

## UPON A REHEARING EN BANC

LEMONS, Judge.

James L. Terry pled guilty to one count of felony carnal knowledge of a child, a violation of Code § 18.2–63. The trial judge imposed a sentence of ten years, with eight years suspended. Terry appealed the sentence imposed by the trial judge, arguing that the admission of certain evidence at the sentencing hearing violated his Sixth Amendment right to counsel. A three-judge panel of this Court reversed and remanded for resentencing. We granted the Commonwealth a rehearing *en banc.*

---

* Judge Overton participated in the hearing and decision of this case prior to the effective date of his retirement on January 31, 1999 and thereafter by his designation as a senior judge pursuant to Code § 17.1–401, recodifying Code § 17–116.01:1.

Upon rehearing, we hold that upon his plea of guilty, Terry waived objection to any non-jurisdictional defects that occurred before his plea. Therefore, we vacate the decision of the three-judge panel, and affirm the conviction.

## I. BACKGROUND

On August 23, 1996, James L. Terry was arrested and charged with one count of carnal knowledge of a child, a violation of Code § 18.2–63. Police questioned Terry until he asked to speak with an attorney. On August 26, 1996, the Office of the Public Defender of Halifax County was appointed to represent him. On September 23, 1996, a social services investigator and two Halifax police investigators came to the jail and initiated contact with Terry. Terry's counsel was neither present nor consented to the questioning in his absence. The social worker testified, "I always have to let people know that they—that there's an investigative child protective services investigation going on, and I have to let them know that—we have a pamphlet and everything that we have to give them." The social worker testified that Terry volunteered information about his prior sexual contact with the victim.

In the November term of 1996, the grand jury indicted Terry on one count of object penetration in violation of Code § 18.2–67.2, one count of rape in violation of Code § 18.2–61, one count of forcible sodomy (cunnilingus) in violation of Code § 18.2–67.1, and another count of forcible sodomy (fellatio) in violation of Code § 18.2–67.1. None of the counts corresponded with the charge of carnal knowledge of a minor child in violation of Code § 18.2–63, the subject of the arrest warrant. On April 14, 1997, Terry moved to suppress the statements he made to the social services investigator and the two police detectives. Terry argued that because his counsel had neither been present, nor had consented to the questioning in his absence, any statements he made were in violation of his Sixth Amendment right to counsel.

On April 17, 1997, the trial court held an evidentiary hearing pursuant to Code § 18.2–67.7, the "rape shield statute." At the hearing, the victim testified that there was no basis for the charges of rape and forcible sodomy. The Commonwealth *nolle prossed* these three charges and amended the charge of object penetration to read "that the defendant did unlawfully and feloniously know, without force, [the victim], a child 13 years of age, in violation of § 18.2–63 of the *Code of Virginia, as amended.*" The motion to suppress was never argued nor did the trial court rule on the motion. Terry then pled guilty to a violation of Code § 18.2–63, the count which the Commonwealth had amended.

On June 2, 1997, at the sentencing hearing the Commonwealth called the social worker to testify about her conversation with Terry on September 23, 1996. Terry's counsel objected to her testimony, arguing that it was irrelevant[1] to the charge to which Terry had pled guilty and that the statements were obtained in violation of Terry's Sixth Amendment right to counsel. The Commonwealth argued that because the trial court had failed to rule on Terry's motion to suppress the statements, no evidence had been suppressed. The Commonwealth also argued that "the exclusionary rule does not apply to sentencing proceedings." The court overruled Terry's objections and allowed the social worker to testify.

The social worker testified that Terry told her,

[h]e had had sex, including oral sex, with the juvenile that's involved in this case.... He told me that it had been several times. The oral sex was basically performed on him by her. And this happened a majority of the time when her mom was at work or either she didn't go to school [sic].

The victim also testified at Terry's sentencing hearing. She stated that only one sexual encounter took place between Terry and her and that she initiated that incident. She also indicated that Terry was her mother's boyfriend. When asked

---

1. The relevance issue is not before us on appeal.

if she wanted Terry to live in her home, she replied, "It ain't [sic] my house. Ask my mama. It's her house." The victim's mother testified that she intended to continue her relationship with Terry.

The Commonwealth argued that the period of three to six months of incarceration suggested by the sentencing guidelines was inadequate to punish this offense. The Commonwealth's attorney pointed to a conviction of a previous "sexual offense" for which Terry had served twelve months in jail, stating, "he didn't learn that lesson." Citing the "serious nature of the offense and chance of future contact upon early release," the trial judge imposed a sentence of ten years with eight suspended. The court also ordered Terry to complete two years of supervised probation and to have no contact with the victim.

## II. EFFECT OF GUILTY PLEA

█ Terry maintains that the Sixth Amendment right to have his counsel present during interrogation requires that any statements obtained in violation of such right be excluded from his sentencing hearing. Assuming without deciding that a Sixth Amendment violation occurred and that the exclusionary rule applies to sentencing proceedings, we find that Terry waived these claims by his intelligent, voluntary and unconditional guilty plea.

By filing his pretrial motion to suppress the statements, Terry acknowledged his awareness of an alleged violation of his constitutional rights before his guilty plea. He filed his motion pursuant to Code § 19.2–266.2 to have them suppressed; however, he did not obtain a ruling on the motion before entering his guilty plea. Terry could have entered a conditional plea, reserving his claim of alleged violation of his Sixth Amendment right, but he entered an unconditional plea instead. *See* Code § 19.2–254. Terry does not contend that his plea was involuntary or unintelligently made.

█ "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which

he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see also United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997) ("[a]n unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects" (citations omitted)); *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996) ("[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea"); *Grabowski v. Jackson County Public Defenders Office,* 47 F.3d 1386, 1390 (5th Cir.1995) ("[a] knowing and voluntary plea of guilty waives all preceding nonjurisdictional defects, including Fourth Amendment claims" (citations omitted)).[2] Rather, a defendant may challenge only "the voluntary and intelligent character of the guilty plea...." *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602. In *Allen v. Commonwealth,* 27 Va.App. 726, 730–31, 501 S.E.2d 441, 443 (1998) (citations omitted), we said:

> A plea of guilt constitutes a "self-supplied conviction." One who voluntarily and intelligently pleads guilty waives important constitutional rights, including his right to trial by jury, his right against self-incrimination, his right to confront his accusers, his right to demand that the Commonwealth prove its case beyond a reasonable doubt, and his right to object to illegally obtained evidence.

---

2. A guilty plea does not waive claims of constitutional violations that occur after the plea. *See e.g. United States v. Jacobson,* 15 F.3d 19, 23 (2nd Cir.1994) (defendant who signed an agreement not to appeal a sentence that fell within the guideline ranges did not waive right to appeal unconstitutional use of his immigration status as a basis for sentencing); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) (defendant who knowingly and voluntarily pled guilty to felony charges did not waive the right to appeal sentence which departed upward from sentencing range on basis of constitutionally impermissible factor of race).

**198**

If a violation of Terry's Sixth Amendment right to counsel did occur, the violation occurred during the interrogation which preceded his guilty plea. *See Maine v. Moulton*, 474 U.S. 159, 176, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) ("the State violated [the accused's] Sixth Amendment right when it arranged to record conversations between [petitioner] and its undercover informant"); *see also United States v. Henry*, 447 U.S. 264, 274, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) ("[b]y intentionally creating a situation likely to induce ... incriminating statements without the assistance of counsel, the Government violate[d] [the petitioner's] Sixth Amendment right to counsel"); *Bey v. Morton*, 124 F.3d 524, 528 (3d Cir.1997) (an accused is denied his right to counsel when state actors "circumvent that right by 'deliberately elicit[ing]' inculpatory statements from him in the absence of counsel, absent a voluntary and knowing waiver").

Assuming without deciding both that Terry's Sixth Amendment right to counsel was violated by the interrogation without notice to his lawyer and that the exclusionary rule applies to sentencing proceedings, the statements obtained in violation of Terry's Sixth Amendment right to counsel would be inadmissible absent a waiver. This case involves the Sixth Amendment right to counsel, not the Fifth Amendment privilege against self-incrimination. In addition, this case involves a guilty plea with an attendant waiver of error, constitutional or otherwise, that preceded the plea. The dissent blurs these important distinctions.

The United States Supreme Court has made it abundantly clear that the violation of the Sixth Amendment right to counsel occurs at the time of the event requiring counsel. Absent a waiver, use of evidence obtained in violation of the right is prohibited.[3] In *Moulton*, 474 U.S. 159, 106 S.Ct. 477,

---

3. Although it is clear that evidence obtained in violation of the accused's Sixth Amendment rights, absent a waiver, is inadmissible at trial and in bifurcated sentencing proceedings, *see Satterwhite v. Texas*, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988), it is not clear that the exclusionary remedy is required at a sentencing hearing pursu-

the Court indicated that "the State violated Moulton's Sixth Amendment right when it arranged to record conversations between Moulton and its undercover informant." *Id.* at 176, 106 S.Ct. 477 In *Satterwhite v. Texas,* 486 U.S. 249, 255–56, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1987), the Court indicated that "[s]ince Satterwhite's indictment, arraignment, and appointment of counsel had all occurred before Dr. Grigson examined him in the Bexar County Jail, it is clear that his Sixth Amendment right to counsel had attached at the time [of the examination]." In *Estelle v. Smith,* 451 U.S. 454, 470–71, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), the Court stated, "[h]ere respondent's Sixth Amendment right to counsel clearly had attached when Dr. Grigson examined him at the Dallas County Jail . . . therefore, . . . the psychiatric examination on which Dr. Grigson testified at the penalty phase proceeded in violation of respondent's Sixth Amendment right to the assistance of counsel." These cases, all of which are relied upon by the dissent, make it abundantly clear that if a violation of the Sixth Amendment occurs, it occurs at the time of the event at which the assistance of counsel was required.

Additionally, the dissent cites *Powell v. Texas,* 492 U.S. 680, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989), for the proposition that evidence obtained in violation of an accused's Sixth Amendment right to counsel is inadmissible in a sentencing proceeding for a charge to which the right to counsel has attached. Curiously, the dissent overlooks a critical aspect of the *Powell* decision. The *Powell* Court found that the evidence was inadmissible "[b]ecause the evidence . . . was taken in deprivation of petitioner's right to the assistance of counsel, *and because there is no basis for concluding that petitioner waived his Sixth Amendment right. . . ." Id.* at 686, 109 S.Ct. 3146 (emphasis added). The precise issue in this case is whether the accused waived his Sixth Amendment right to counsel at the interrogation by entering his guilty plea.

---

ant to a guilty plea or a sentencing hearing which reviews a jury's recommendation. We do not decide that issue today.

If the alleged Sixth Amendment violation occurs after the entry of the plea, the accused cannot be said to have knowingly and voluntarily waived it. The dissent's citation of *United States v. Attar*, 38 F.3d 727 (4th Cir.1994), illustrates this point. In *Attar*, the accused entered a guilty plea and later moved to withdraw the guilty plea before sentencing. Counsel for Attar moved for leave to withdraw from representation. Attar moved for a continuance to obtain new counsel. The trial court denied the motion to withdraw the plea and granted the motion of counsel for leave to withdraw. The court also denied the motion for a continuance and proceeded with sentencing with counsel serving as "standby counsel," with whom the accused was permitted to consult. *See id.* at 729–31. Although the Fourth Circuit affirmed Attar's conviction on other grounds, the court found that his guilty plea did not waive the claim that his Sixth Amendment right to counsel had been violated at the sentencing proceeding.

The factual distinction between *Attar* and the case before us is critical to our analysis. In *Attar*, the alleged violation of a Sixth Amendment right occurred at sentencing, not before the guilty plea. In the case before us, Terry's alleged violation of the Sixth Amendment right to counsel occurred before the entry of a guilty plea.

In *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), also relied upon by the dissent, the Supreme Court rendered a very narrow holding, stating that a guilty plea will not waive the Fifth Amendment privilege against incrimination at the sentencing hearing. At issue in *Mitchell* were both the invocation of the Fifth Amendment at sentencing, and the trial court's use of adverse inferences drawn from the defendant's silence. The locus of the alleged violation occurred at the sentencing hearing—after the entry of the guilty plea, not before. *Mitchell* has no application to the case before us because Terry's alleged violation of his Sixth Amendment right occurred before his guilty plea.

We hold that Terry's entry of a voluntary, intelligent and unconditional guilty plea waived any claim of antecedent viola-

tion of his Sixth Amendment rights. The judgment of the trial court is affirmed.

*Affirmed.*

BENTON, Judge, with whom ELDER, Judge, joins, dissenting.

James L. Terry contends his Sixth Amendment right to counsel was violated when at the sentencing hearing following his guilty plea the trial judge admitted evidence obtained during a pretrial confrontation between Terry and state agents without notice to Terry's counsel. *See Maine v. Moulton,* 474 U.S. 159, 168–69, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). *See also Satterwhite v. Texas,* 486 U.S. 249, 255–56, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) (holding "that the use of . . . testimony [, which concerned statements obtained from the arrested defendant without notice to his attorney,] at the . . . sentencing proceeding . . . violated the Sixth Amendment"). I would hold that when Terry pled guilty, he did not waive his right to challenge this violation of his constitutional rights when the Commonwealth sought to introduce the evidence at the sentencing hearing.

I.

The Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI.

The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice. Embodying a "realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself," the right to counsel safeguards the other rights deemed essential for the fair prosecution of a criminal proceeding.

*Moulton,* 474 U.S. at 168–69, 106 S.Ct. 477 (citation and footnote omitted). The principle is well established that "[t]he Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a 'medium' between him [or her] and the [Commonwealth]." *Id.* at 176, 106 S.Ct. 477. Thus, the Commonwealth violates an accused's Sixth Amendment rights "when the [Commonwealth] obtains incriminating statements by knowingly circumventing the [accused's] right to have counsel present in a confrontation between the accused and [the Commonwealth's] agent." *Id.* (footnote omitted).

Evidence obtained in violation of an accused's Sixth Amendment right to counsel is inadmissible in a sentencing proceeding for a charge to which the right to counsel has attached. *See Powell v. Texas,* 492 U.S. 680, 686, 109 S.Ct. 3146, 106 L.Ed.2d 551 (1989); *Satterwhite,* 486 U.S. at 255–56, 108 S.Ct. 1792. In *Powell* and *Satterwhite,* defense counsel had not been given notice that a psychiatric evaluation of the accused would encompass the issue of future dangerousness. Nonetheless, the trial judge admitted the psychiatrist's testimony at the sentencing proceeding over defense counsel's objection. The Supreme Court held that "[b]ecause the evidence of future dangerousness was taken in deprivation of [the accused's] right to the assistance of counsel," the admission of the evidence at the sentencing proceeding violated the accused's Sixth Amendment right to counsel. *Powell,* 492 U.S. at 686, 109 S.Ct. 3146. *See also Satterwhite,* 486 U.S. at 255–56, 108 S.Ct. 1792 (holding "that the use of [the psychiatrist's] testimony at the ... sentencing proceeding ... violated the Sixth Amendment"). With respect to claims of violations of constitutional rights, the United States Supreme Court has rejected as invalid the proposition that "incrimination is complete once guilt has been adjudicated." *Estelle v. Smith,* 451 U.S. 454, 462, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

In this case, the social worker and the police officers initiated contact with Terry at the jail following Terry's arrest

for felony carnal knowledge of a child without force, *see* Code § 18.2–63, and questioned him about his contacts with the child. At the time of this interview, Terry's Sixth Amendment right to counsel had attached and had been invoked with respect to the pending charge of felony carnal knowledge. This interview took place outside the presence of Terry's counsel, without counsel's knowledge or consent. Therefore, any evidence obtained at the interview that would in any way incriminate Terry on the charge of felony carnal knowledge, for which he had invoked his right to counsel, could not be used in a proceeding against him concerning that charge.

When Terry filed his motion to suppress, the Commonwealth had obtained four indictments against him on charges different than the charge lodged against him when the social worker and the police interviewed him. The statements Terry gave to the social worker and the police officers provided the basis for the Commonwealth's decision to pursue the other four different charges. The Commonwealth's decision to pursue those charges clearly provoked Terry's suppression motion. Thus, when the Commonwealth *nolle prossed* those charges and amended one of the indictments to charge felony carnal knowledge without force, which was the offense originally charged, Terry had no reason to pursue the motion to suppress. The charges which rested upon the unlawfully obtained statement had been dissolved. Indeed, the Commonwealth conceded on its initial brief to this Court that the prosecutor "stated that he chose not to go forward *after reviewing the suppression motion* and considering that the victim did not corroborate [Terry's] confession." (Emphasis added).

When the Commonwealth dropped those four charges, in part because of Terry's suppression motion, and re-instituted the felony carnal knowledge charge, Terry understandably was led to believe that the statements would no longer be an issue. Thus, Terry, when pleading guilty to the felony carnal knowledge charge, did not knowingly and intelligently waive

his right to contest the admissibility of those statements. He could not knowingly and intelligently waive a matter not reasonably foreseeable to be an issue at sentencing. "Given the gravity of the decision to be made at the penalty phase, the [Commonwealth] is not relieved of the obligation to observe fundamental constitutional guarantees." *Estelle,* 451 U.S. at 463, 101 S.Ct. 1866. "Because the evidence ... was taken in deprivation of [Terry's] right to the assistance of counsel," *Powell,* 492 U.S. at 686, 109 S.Ct. 3146, I would hold that the admission of the evidence at the sentencing proceeding violated the Sixth Amendment.

## II.

Relying upon *Peyton v. King,* 210 Va. 194, 169 S.E.2d 569 (1969), the Commonwealth contends Terry waived his right to appeal his sentence by pleading guilty to the charge. In *King,* the Supreme Court responded as follows to the assertion that an accused could appeal his conviction after a guilty plea:

> [A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.

*Id.* at 196–97, 169 S.E.2d at 571.

That ruling is not dispositive of the issue raised in this appeal. While an accused who pleads guilty " 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to the entry of the guilty plea,*' " *Beaver v. Commonwealth,* 232 Va. 521, 526–27, 352 S.E.2d 342, 345 (1987) (quoting *Tollett v. Henderson,* 411

U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)) (emphasis added), it does not follow that an accused who pleads guilty waives his or her right to challenge violations of constitutional rights that occur at a sentencing hearing *after* the accused has entered the guilty plea. By pleading guilty, an accused does not prospectively waive the right to object to violations of constitutional rights that occur at the sentencing hearing. *See United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir.1994). Indeed, the United States Supreme Court recently rejected the government's argument "that [a defendant's] guilty plea was a waiver of the [Fifth Amendment] privilege against compelled self-incrimination with respect to all crimes comprehended in the plea," and the Court "rule[d] that [the accused] retained the privilege at [the] sentencing hearing." *Mitchell v. United States*, 526 U.S. 314, ——, 119 S.Ct. 1307, 1311, 143 L.Ed.2d 424 (1999).

The principle is well established that "a plea [of guilty] marks the end of one chapter in the progress of [an accused's] case, and, simultaneously, begins a new chapter. Thus, an unconditional guilty plea insulates virtually all earlier rulings in the case from appellate review." *United States v. Cordero*, 42 F.3d 697, 698 (1st Cir.1994). However, an accused's "unconditional guilty plea does not automatically waive the right to appeal matters incident to sentencing as opposed to guilt." *Id.* at 699. *See also State v. Heatwole*, 333 N.C. 156, 423 S.E.2d 735, 737 (1992). An accused "who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the [trial judge]." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992). The general waiver of appeal rights flowing from a plea of guilty does not bar the right to appeal violations of a Sixth Amendment right to counsel that occur at a sentencing hearing. *See United States v. Attar*, 38 F.3d 727, 732–33 (4th Cir.1994).

Applying the principle that a trial judge is required to reject a guilty plea if it is not "intelligently, voluntarily and knowingly made," *Graham v. Commonwealth,* 11 Va.App. 133, 139, 397 S.E.2d 270, 273–74 (1990), I believe it is equally obvious that an accused cannot knowingly, intelligently, and voluntarily waive a right when it is not clear what rights will be implicated. *See United States v. Melancon,* 972 F.2d 566, 571 (5th Cir.1992) (Parker, J., concurring) (stating that an accused "can never knowingly and intelligently waive, as part of a plea agreement, the right to appeal a sentence that has yet to be imposed at the time he or she enters into the plea agreement; such a 'waiver' is inherently uninformed and unintelligent"); *United States v. Schmidt,* 47 F.3d 188, 190 (7th Cir.1995) (holding that "despite a valid waiver of the right to appeal, [an accused] could appeal his sentence if the trial [judge] relied on a constitutionally impermissible factor"); *United States v. Raynor,* 989 F.Supp. 43, 49 (D.C.1997) (ruling that an accused "cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has not yet been imposed and about which the [accused] has no knowledge as to what will occur at the time of sentencing").

In Virginia, both the Supreme Court and this Court have considered the appeals of sentences of accuseds who have pleaded guilty to the underlying offenses. *See e.g., Linton v. Commonwealth,* 192 Va. 437, 65 S.E.2d 534 (1951) (although the accused pleaded guilty to perjury, the Supreme Court considered on appeal whether the right to counsel was violated when the accused was sentenced without notice to her counsel and without affording counsel the opportunity to cross-examine a probation officer who completed the presentence report or to present additional facts bearing on sentencing); *Harris v. Commonwealth,* 26 Va.App. 794, 497 S.E.2d 165 (1998) (although the accused pleaded guilty to a charge of possession with intent to distribute, this Court considered the argument that the trial judge violated the accused's due process rights by admitting certain evidence at sentencing hearing). *See also Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (although the accused pleaded guilty to

federal felony drug charges, the Supreme Court considered the accused's claim that his right to counsel had been violated by trial judge's consideration of certain evidence at sentencing).

Because I believe the trial judge violated Terry's Sixth Amendment right to counsel when at the sentencing hearing he admitted the social worker's testimony, I would hold that this appeal is not barred. I dissent.